# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MARCUS BENNETT, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV613-083 |
| UNITED STATES OF AMERICA, | ) ) ) | CR604-016 |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Marcus Bennett has filed a 28 U.S.C. § 2255 motion which, upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), the Court determines to be time-barred. In 2004 he pled guilty to and received a 171 month sentence for robbing a bank and using a firearm during the commission of a robbery, in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 924(c). Doc. 63; doc. 70 at 2-3. He appealed and has filed nothing further since the Eleventh Circuit affirmed his conviction in 2005. Doc. 70; *United States v. Bennett*, 143 F. App'x 200 (11th Cir. 2005), *cert. denied, Bennett v. United States*, 546 U.S. 1128 (2006).

Eight years later, Bennett seeks § 2255 relief, insisting that his sentence was imposed in violation of the Fifth Amendment. Doc. 107 at 4. The sentencing judge, he maintains, found by a preponderance of the evidence that he brandished a firearm during the bank robbery and thus sentenced him accordingly. *Id.* But since that time, he contends, "the authority authorizing such an act" has been overruled by *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). Doc. 107 at 4. Arguing that he received a punishment the district judge was not authorized to impose, he claims that he is entitled to be resentenced. *Id.*

Bennett then builds two more claims from that one. The *Alleyne* relief under Ground One, he reasons, somehow rendered his guilty plea not knowing and intelligent. *Id.* at 5 (Ground Two). Finally, in Ground Three, he raises an ineffective assistance of counsel (IAC) claim against his lawyer for failing to object to sentencing on count two (i.e., using a firearm to commit the underlying bank robbery).[1] *Id.* at 7. This violated

---

[1] For ineffective assistance of counsel to provide a basis for federal habeas relief, movant must satisfy the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his counsel's performance was deficient and that it prejudiced his defense. *Id.* To show prejudice, movant need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. *Id.* at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." *Id.* Bennett thus must establish both deficient performance and prejudice in order to establish ineffective assistance

the double jeopardy clause, he concludes. *Id.* He wants his plea vacated for a new trial, and if it is not then his sentence on "Count Two" should be reduced to five years. *Id.* at 12.

At the time of Bennett's sentencing, either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne* overrules *Harris* and holds that a judge cannot make this decision unless the defendant waives his entitlement to a jury, or admits facts that require a minimum sentence. *Alleyne*, 133 S.C t. at 2163-64. Construing his *pro se* pleadings liberally, *see* doc. 107 at 11, Bennett argues that *Alleyne* entitles him to pursue this collateral attack despite 28 U.S.C. § 2255(f)'s 1-year limitations period because *Alleyne* qualifies as a new right retroactively applicable within the meaning of § 2255(f)(3) ("the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .").

---

of counsel. *Id.* at 687. "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

3

A new rule of constitutional law, needed to render Bennett's §2255 motion timely under § 2255(f)(3), must be retroactive to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). Bennett simply declares that *Alleyne* is. Doc. 107 at 4 ("Said decision is retroactive, as it represents substantive decision."). Of course, that declaration is meaningless. And in fact, the Supreme Court did *not* declare that the new rule in *Alleyne* is retroactive on collateral review, nor is it likely to do so. *See Simpson v. United States*, 721 F. 3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in *Alleyne* had not been made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi*, which itself is not retroactive); *accord, In re Payne*, ___ F.3d ___, 2013 WL 5200425 at * 1-2 (10th Cir. Sept. 17, 2013).

Grounds One and Two therefore fail. *Parker v. United States*, 2013 WL 4442038 at *2 n. 3 (W.D.N.C. Aug. 16, 2013). Bennett implicitly acknowledges that Ground Three (his IAC claim) is time-barred -- he mentions "fundamental miscarriage of justice" in conjunction with it. Doc. 107 at 11. Merely mentioning a legal doctrine, however, is not enough. Rather, Bennett must show how it applies, and he does not. So, Ground Three is abandoned. *Newsome v. Danforth*, 2013 WL 3047780 at

\* 2 (S.D. Ga. June 17, 2013) (citing *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by parties.")).

Additional, reinforcing grounds support the result here: Bennett's waiver. As noted by the Eleventh Circuit, "the plea agreement signed by Bennett and his counsel specifically stated that Bennett 'waive[d] any right to have a jury resolve and decide sentencing issues, including possible enhancements to his sentence, [and] expressly confer[red] upon the court the right to decide any and all sentencing issues by a preponderance of the evidence standard.' Bennett [did] not contend that his waiver was uninformed or involuntary. Therefore, Bennett waived [the] Sixth Amendment rights" and Fifth Amendment rights he seeks to raise here. *Bennett*, 143 F. App'x at 201.

Unsurprisingly, Bennett simply ignores this in his § 2255 motion, except to reason that *Alleyne* alone can undo everything, including his waiver. He apparently believes that, merely because the law has since changed in his favor, his choice to plead guilty and waive any jury trial right "somehow" has become "involuntary and unknowing." Were that the law, there would be no guilty plea option because there would be no

5

finality -- an indispensable bargaining chip for the prosecution. Suffice it to say that Bennett has failed to show that his lawyer was in any way deficient.

Accordingly, Marcus Bennett's § 2255 motion (doc. 107) must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 25TH day of September, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6